## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DEBORAH CROSS-BLANCKE,** | ) | **CASE NO. 1:23 CV 1568** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE  DAN  AARON  POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES R. FLAIZ**, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendants.** | ) | **AND ORDER** |

### Background

*Pro se* plaintiff Deborah Cross-Blancke has filed a fee-paid civil rights complaint in this case under 42 U.S.C. § 1983 against the prosecutors and a defense lawyer in a still-pending state criminal case against plaintiff in Geauga County.  *See State of Ohio v. Deborah Cross Blancke*, No. 22 C 000223 (Geauga County Ct. of Comm. Pleas).  Plaintiff sues Geauga County Prosecutor James R. Flaiz, former Assistant Prosecutor Natalie E. Ray, and Attorney Oscar E. Rodriguez.  (Doc. No. 1).

Although her statement of claim is virtually incomprehensible, the only discernible conduct she alleges in her complaint as to the named defendants is that they engaged in unlawful conduct in her criminal case, including "malicious prosecution," "extra punishment," failure to "produce exculpatory [evidence]," and ineffective assistance of counsel.  (Doc. No. 1 at 4, ¶ II. D.)  She seeks $1.5 million in damages from each defendant.

The Geauga County Prosecutors have filed a Motion to Dismiss Plaintiff's Complaint

pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds the complaint fails to state a plausible claim against them and that they are entitled to prosecutorial immunity.  (Doc. No. 4.)  Plaintiff has not opposed the motion.

## Standard of Review

To survive a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Further, even without a motion to dismiss, "federal courts are under an independent obligation to examine their own jurisdiction" in every case.  *Kusens v. Pascal Co., Inc*., 448 F.3d 349, 359 (6th Cir. 2006).  Federal district courts "may, at any time, *sua sponte* dismiss" any complaint, even a fee-paid complaint, "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## Discussion

Upon review, the Court finds that plaintiff's complaint warrants dismissal against all of the defendants pursuant to Fed. R. Civ. P. 12(b)(6) and *Apple v. Glenn*.

First, although courts are generally required to construe *pro se* complaints liberally, even *pro se* complaints must satisfy the Rule 12(b)(6) standard to avoid dismissal.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Liberal construction does not require a court to

conjure allegations on a litigant's behalf," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), or to "guess at the nature" of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The statements and allegations set forth in plaintiff's complaint are so unclear and conclusory that they fail to meet the basic pleading requirements necessary to set forth a plausible federal claim upon which she may be granted relief against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Second, plaintiff's complaint is totally implausible and devoid of merit because all of the defendants are immune from suit, or cannot be sued, for damages under § 1983.

It is well-established that state prosecutors enjoy absolute immunity for their conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The only discernible conduct plaintiff alleges as to the Geauga County prosecutors falls within the scope of their traditional prosecutorial functions as to which they are absolutely immune from a § 1983 damages suit.

And the only discernible conduct plaintiff alleges as to Mr. Rodriguez pertains to his conduct in representing plaintiff in her criminal case. Criminal defense attorneys, however, whether private practitioners or public defenders, are typically not proper defendants to an action under § 1983 because they do not act under color of state law when performing "traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Nothing in plaintiff's complaint permits a plausible inference that Mr. Rodriguez engaged in conduct other than performing "traditional functions as

-3-

counsel to a defendant in a criminal proceeding." Accordingly, he cannot be sued for damages under § 1983. *See id.* (a lawyer does not act under color of law when performing traditional functions as counsel to a defendant in a criminal proceeding).

### Conclusion

For the reasons stated above and in the Geauga County Prosecutors' unopposed Motion to Dismiss (Doc. No. 4), the Motion to Dismiss is granted and this action is dismissed as against all defendants pursuant to Fed. R. Civ. P. 12(b)(6) and *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____  11/14/2023
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE